IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LINDA R. COLLINSON, | CV 23–22–M–DLC |
| Plaintiff, | CV 23–23–M–DLC |
| vs. | |
| WRG ASBESTOS PI TRUST, | ORDER |
| Defendant. | |
| RORY L. TENNISON, | |
| Plaintiff, | |
| vs. | |
| WRG ASBESTOS PI TRUST, | |
| Defendant. | |

Before the Court are Defendant WRG Asbestos PI Trust's (the "PI Trust") Motions to Stay. (CV 23-22-M-DLC, Doc. 32; CV 23-23-M-DLC, Doc. 24.) For the reasons discussed below, the Court grants the requested stay.

### BACKGROUND[1]

Plaintiffs Linda R. Collinson and Rory L. Tennison each filed a claim with

---

[1] For a more detailed background, see the Court's Orders addressing Judge Kathleen L. DeSoto's Findings and Recommendations in these matters. (CV 23-22-M-DLC, Doc. 28; CV 23-23-M-DLC, Doc. 20.)

1

the PI Trust seeking compensation for Level IV-B Severe Disabling Pleural Disease.  The PI Trust denied both claims and, after exhausting all administrative remedies, Plaintiffs brought the instant actions.

The PI Trust moved to dismiss these claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  The PI Trust argued that, pursuant to the terms of the WRG Asbestos PI Trust Distribution Procedures ("TDP") to which all parties to this action are bound,[2] Plaintiffs could not prove their claims without demonstrating blunting of the costophrenic angle, which Plaintiffs admit they cannot do.  The PI Trust also argued that, to the extent Plaintiffs' claims raise a question of interpretation involving the TDP, the Delaware Bankruptcy Court retained exclusive jurisdiction.  The Court rejected these arguments and found that the plain language of the TDP allowed these actions to move forward.  However, the Court also acknowledged that if the PI Trust wishes to challenge the language of the TDP, the PI Trust may elect to do so in the Delaware Bankruptcy Court in a separate proceeding.

In the instant motion, the PI Trust informs the Court that it has filed an

---

[2] The PI Trust is a statutory trust organized under the laws of the state of Delaware to facilitate the implementation of the First Amended Joint Plan of Reorganization filed in the Chapter 11 bankruptcy proceeding for W.R. Grace & Co. and its affiliates.  (*See* CV 23-22-M-DLC, Doc. 1 ¶¶ 2–4.)  The Plan was confirmed in its entirety on January 30, 2012, via the Delaware District Court's Confirmation Order.  (*See* CV 23-22-M-DLC, Doc. 6-1.)  The Confirmation Order included an Asbestos PI Channeling Injunction, which mandates that all present and future asbestos related personal injury claims against Grace be channeled to the PI Trust for resolution in accordance with the WRG Asbestos PI Trust Distribution Procedures.  (*See* CV 23-22-M-DLC, Doc. 6-2.)

action in the Delaware Bankruptcy Court (the "Delaware Action") regarding interpretation of the TDP's terms on Level IV-B Severe Disabling Disease and blunting of the costophrenic angle.  Accordingly, the PI Trust requests that the Court stay these matters pending resolution of the Delaware Action.

## LEGAL STANDARD

The Court has the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  This inherent power authorizes the Court to stay proceedings pending resolution of independent proceedings which bear upon the matter.  *Id.* at 254–55; *see also Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).  "The exertion of this power calls for the exercise of sound discretion," and "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  In assessing the propriety of a proposed stay, the Court must consider:

> [1] the possible damage which may result from the granting of the stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying of complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Id.*; *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

The Ninth Circuit has also cautioned that "[a] stay should not be granted

3

unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864. A stay must be of a fixed duration unless a "pressing need" for a more indefinite period is demonstrated. *Landis*, 299 U.S. at 255.

## DISCUSSION

The PI Trust argues that the "Delaware Action presents issues that significantly impact the proceedings before this Court, as well as hundreds, if not thousands, of other asbestos-related personal injury claims against the [PI] Trust." (Doc. 32 at 1.) Weighing the above factors, the Court finds that the requested stay is warranted.

The first factor is neutral. Delay in the recovery of monetary damages, alone, is not a sufficient hardship to warrant the denial of a stay. *CMAX, Inc.*, 300 F.2d at 269. Plaintiffs seek only to recover monetary damages from the PI Trust and there is no other damage that may result from the imposition of the stay.

The second factor is also neutral. "Being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Lockyer*, 398 F.3d at 1112. Likewise, the fact that a ruling from the Delaware Bankruptcy Court could be unfavorable to either party "is not the

unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864. A stay must be of a fixed duration unless a "pressing need" for a more indefinite period is demonstrated. *Landis*, 299 U.S. at 255.

## DISCUSSION

The PI Trust argues that the "Delaware Action presents issues that significantly impact the proceedings before this Court, as well as hundreds, if not thousands, of other asbestos-related personal injury claims against the [PI] Trust." (Doc. 32 at 1.) Weighing the above factors, the Court finds that the requested stay is warranted.

The first factor is neutral. Delay in the recovery of monetary damages, alone, is not a sufficient hardship to warrant the denial of a stay. *CMAX, Inc.*, 300 F.2d at 269. Plaintiffs seek only to recover monetary damages from the PI Trust and there is no other damage that may result from the imposition of the stay.

The second factor is also neutral. "Being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Lockyer*, 398 F.3d at 1112. Likewise, the fact that a ruling from the Delaware Bankruptcy Court could be unfavorable to either party "is not the

kind of prejudice which should move a court to deny a requested postponement." *CMAX, Inc.*, 300 F.2d at 269.

The third factor weighs heavily in favor of granting the requested stay. Although the Court found that the plain language of the TDP permits these actions to move forward in this Court, the decision of the Delaware Bankruptcy Court in the Delaware Action would be a binding interpretation of the terms of the TDP. Thus, the outcome of the Delaware Action is integral to, and potentially dispositive of, these matters, as well as any other matters raising similar issues that may be forthcoming. The Court also finds that a stay at this stage of the proceedings is the most efficient approach because no trial deadlines have been set.

Finally, the Court is satisfied that the stay will last an appropriate length of time and will not be indefinite as the stay is directly tied to resolution of the Delaware Action.

## CONCLUSION

IT IS HEREBY ORDERED that the PI Trust's Motions for Stay (CV 23-22-M-DLC, Doc. 32; CV 23-23-M-DLC, Doc. 24.) are GRANTED. This matter is stayed pending final resolution of the Delaware Action.

IT IS FURTHER ORDERED that, within one week of final resolution of the Delaware Action, the parties shall file a joint notice indicating proposed dates for a

preliminary pretrial conference. The parties shall also attach the order of the Delaware Bankruptcy Court resolving the Delaware Action.

IT IS FURTHER ORDERED that no further motions will be entertained in this matter without the moving party first seeking leave to file.

DATED this 2nd day of August, 2024.

_____
Dana L. Christensen, District Judge
United States District Court